UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Jason Goode

v.

Anthony J. Bruno
Individual & Official Capacity

March 11, 2012

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action filed by Jason Goode (Plaintiff) for injunctive relief, declaratory and monetary damages under 42 U.S.C. Section 1983 for violations of the plaintiff's constitutional rights while he was a sentenced prisoner in the custody of the Connecticut Department of Correction (D.O.C.). The defendant, Director of Religious Services Anthony Bruno, unlawfully denied the plaintiff various requests to possess and/or purchase certain items that he needed to perform rituals associated with his sincerely held religious beliefs. The actions of the

defendant violated the plaintiff's First and Fourteenth Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA") 42 U.S.C. § 2000cc, et seq.

## JURISDICTION

2. This action is brought to remedy the deprivation, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution as well as the RLUIPA. The Court has jurisdiction over this action pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343(a)(3).

## PARTIES

3. The plaintiff, Jason Goode (Plaintiff), was, at all times relevant to this complaint, sentenced to the custody of the Department of Correction and housed at the Northern Correction Institution (Northern), Somers, Connecticut.

4. Religious Director (DRS) Bruno was, at all times relevant to this complaint, a Correctional official employed by the D.O.C. at

24 Wolcott Hill Road in Whethersfield, Connecticut. He is sued in his individual and official capacities.

## FACTS

5. On March 19, 2009 and July 14, 2009, Plaintiff mailed Defendant Bruno a list of various items associated with Plaintiff's sincerely held religious beliefs, requesting these to practice his regular rituals (sabbats and esbats).

6. Defendant Bruno acted with reckless indifference and malice by denying Plaintiff these items in his correspondences to Plaintiff dated April 30, 2009 and July 20, 2009.

7. On April 15, 2009, Plaintiff mailed Defendant Bruno a letter accompanied with verification from an outside practicing Wiccan verifying her training with the magical Tattwa cards

8. In a correspondence dated April 30, 2009, Defendant Bruno responded arbitrarily and with ill will to Plaintiff's request dated April 15, 2009 for the exchange

3

of his current Tarot deck for the Magical Tattwa cards by stating and denying that the: "tattwa cards pertain to the Hindu religion and you are Wiccan".

9. Within Plaintiff's correspondence dated March 19, 2009 to Defendant Bruno, Plaintiff requested and suggested for any designated area wherein he could safely and substantially practice his rituals in as a similarly-situated religious group does.

10. Overall indifferent and discriminate, Defendant Bruno denied this request and suggestion of Plaintiff's in a letter dated April 30, 2009.

## PRIOR LAWSUITS

The Plaintiff has not begun other lawsuits in state or federal court deal with the same facts involved in this action

Plaintiff has filed one other lawsuit related to a failure to protect claim: Goode v. Faneuff, 3:04CV1524(WWE), which was dismissed on

4

a motion for summary judgment, Goode v. Armstrong civil no.: 3:02cv182 which involved an excessive force claim, was dismissed and not appealed. And: Goode v. Acosta, civil no.: 3:01cv138(AWA), presumably denying satanic literature. This action was settled.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has duly exhausted all administrative remedies concerning all the facts and claims mentioned herein prior to filing this action.

WHEREFORE, the Plaintiff claims:

1. Injunctive relief on the violation to the: RLUIPA, First and Fourteenth Amendment claim;

2. Declaratory relief on all claims;

3. Nominal damages in excess of one dollar ($1.00) on the violations to the: RLUIPA, First and Fourteenth Amendment claims;

5

4. <u>Punitive damages</u> on the violations to the: RLUIPA, First and Fourteenth Amendment claims;

5. Cost, expenses and attorney's fees,

6. Any other relief as law and equity may provide

### JURY DEMAND

The Plaintiff wishes to have a jury trial.

THE PLAINTIFF, JASON GOODE

/s/ Jason Goode
#228240
Northern Correction Institution
287 Bilton Rd., P.O. Box 665
Somers, CT 06071

6

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above amended complaint and that the information in the amended complaint is true and accurate.

Executed at __Somers__, Connecticut, on this __11th__ day of March, 2012

*/s/ Jason Goode*
Jason Goode

7