SCANNED at NCI and Emailed
10/16/18 by ___ ___ pages
date    initials  No.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Goode,
   Plaintiff

v.

Bruno
   Defendant

Civil no. 3:10-cv-1734 (SRU)

October 16, 2018

## Plaintiff's Motion for Discharge

Pursuant to Rule 83.10(E) of the Federal Rules of Civil Procedure, Plaintiff, Jason Goode, move this court to Discharge Attorney Alan Neigher from the Alternative Dispute Resolution of this action for the following reasons:

1. Since the beginning of June or July 2018, plaintiff had spoken and written to Attorney Neigher various times since the date of this motion to employ the ADR component of this action (within the May 24, 2018 Settlement Agreement and General Release) to correct the disparities of religious practice of or concerning ritual oils for plaintiff where plaintiff is restricted to possess on his person only

two (2) oils whereas the general inmate population there is no limit on the quantity of oil bottles any one prisoner can possess on his or her person nor is there any mention in Connecticut Department of Correction Policies concerning this.

2. Within the same time frame, plaintiff mentioned to counsel to attempt to have rectified the bottle size of ritual oils (which is 1 ounce) that plaintiff is currently allowed under the Settlement Agreement as such size limitation on bottle size substantially limits plaintiff's ability to select and order various oils which are already permitted for religious exercise or would otherwise make desirable oils unavailable to plaintiff's vendor selection. In addition, plaintiff told counsel of the monetary burden this imposes on him.

3. In addition to the preceding, plaintiff also requested of counsel to have modified the wording of the religious item: "tattwa cards" from paragraph 6 of the "Memorandum of Understanding And Use Agreement For Individual Wiccan Rituals" as these divinatory cards are no longer manufactured and would, as consequence, bar plaintiff from ordering any kind of

Tarot cards

4. It has been since June or July of 2018, Attorney Dsighee has stated that he has been sending e-mails to Attorney Steven Strom and/or Attorney Nancy O'Beasky who has reportedly been non-responsive. With the expiration date of the ADR looming, Attorney Dsighee has only done the aforesaid without proceeding to the following subsections of the ADR to take the prescribed action of paragraph 12 of the Agreement.

5. Plaintiff, on the 11th of October, 2018 had attempted to contacted Attorney Dsighee via phone to no success in reaching him — after he told plaintiff he initially would contact him

6. Plaintiff believes that based on the foregoing good cause for discharge has been shown as it is evident that the clock or the sand in the hour glass, in this matter, is simply being allowed to run out without further action being done

Wherefore, this motion should be granted

Plaintiff,

Jason Goode #228240
Northern Corr. Inst.
P.O. Box 665
Somers, CT 06071

Certification

I hereby certify that a copy of the foregoing was e-Filed / e-mailed to this court on this 16th day of October, 2018 and mailed to on this same day:

Attorney Alan Neigher          Attorney Steven Strom
1804 Post Road East            Mackenzie Hall
Westport, Connecticut          110 Sherman St.
                               Hartford, CT 06105

4